## Case No. 9,612.

### In re MILLS.

[17 N. B. R. 472.][1]

Circuit Court, S. D. New York. April 6, 1878.

BANKRUPTCY—RECEIVER OF CREDITOR—RIGHT TO PROVE DEBT—DEPOSITION.

A receiver of the property of a creditor of the bankrupt is an assignee of the debt due to such creditor and may prove it in the bankruptcy proceedings; but the proof must be supported by the deposition required by general order No. 34. The deposition may, in the first instance, be ex parte, as in form No. 22.

Hearing upon petition for re-examination of proof of B. Reilly, receiver. The assignee

claims the examination of the original creditor. The receiver declares himself ready to submit to an examination. The assignee contends that the original creditor is the person to whom the bankrupt [William Mills] owed the debt at the time of the adjudication. The assignee claims, secondly, that the proof should be supported by the deposition of the original creditor under rule 34. The receiver holds that the claim, having been transferred to him by operation of law, is not within rule 34. The assignee also contends that Reilly, receiver, is not entitled by law to prove the debt in this bankruptcy. It is admitted that the original claimant resides in England. The assignee moves to expunge the claim. The register asks if there is any objection to his making such order as he may see fit in the mat.er. Mr. Whitney declines to answer, upon the ground that the register has no authority to require an issue till he decides the claim should be expunged, and that the question of the register is not pertinent until his ruling is made. The assignee objects to the register making any order except to expunge or diminish the claim. The register says he will reserve his decision.

By J. W. LITTLE, Register:

I think, in the re-examination of the claim filed by Reilly, receiver, in the above matter, that the motion that I should require the original claimant to present himself for examination or cross-examination by the assignee should be denied. And, further, I do not think this is a case where a deposition should be required by owner of claim at time of commencement of proceedings, according to G. O. No. 34.

W. F. Scott, for assignee.
Mr. Whitney, for receiver.

BLATCHFORD, Circuit Judge. I think that Reilly, as receiver, is an assignee of the debt, and as such assignee may prove it. But, as it was assigned before proof, the proof must, and to make it receivable at all, be supported by the deposition required in general order No. 34. The deposition may in the first instance be ex parte, as in form No. 22. The proof was irregular because not supported by such deposition, and should on that ground be expunged.